OPINION OF THE COURT
M. Holt Meyer, J.
Petitioner, the alleged father herein, seeks an order of visitation pending the trial and final determination of this paternity proceeding.
Petitioner relies upon Family Court Act § 551 (b) as granting this court the power to award temporary visitation to him. This section provides in part:
"The court may make an order of protection in assistance or as a condition of any other order made under this article. The *100 order of protection may set forth reasonable conditions of behavior to be observed for a specified time by the petitioner or respondent or both. * * * Such an order may require the petitioner or the respondent * * *
"(b) to permit a parent or other appropriate persons to visit the child at stated periods”. (Emphasis added.)
A review of the legislative history and case law provides no guidance as to the legislative intent of this provision, nor as to who may be deemed to be an "appropriate person”.
In this case the court finds that petitioner has demonstrated a genuine interest and concern for the child’s welfare. He has visited with the child prior to respondent’s denial of visitation. Also, petitioner has attempted to support the child and foster a parental relationship with the infant. Because of the protracted delays inherent in paternity cases, particularly when human leukocyte antigen (HLA) tests have been ordered as in this case, a disruption of visitation may cause hardship and distress to both the child and putative father.
Furthermore, petitioner has introduced into evidence two documents: the first is a letter from respondent which made reference to petitioner being the father of the child; the second is a "father-to-be” card which petitioner states respondent sent to him for Father’s Day.
Respondent does not assert that petitioner is not the father, but rather that she is unsure, because she also had sexual relations with another person during the critical period. Additionally, petitioner testified that he was at the hospital when the child was born on February 1, 1991 and had visited the child on eight subsequent occasions until respondent denied him further visitation. Respondent conceded that she had allowed four visits, but only under the threat of physical injury upon herself by petitioner, which charge this court finds incredible. The mother never called the police or filed a complaint with any other authority against petitioner and, indeed, she stated that on three occasions it was her mother who brought the child to petitioner for visitation. In addition to visiting the child, petitioner also testified credibly to having made sporadic child support payments to respondent in modest amounts.
For the foregoing reasons the court finds that petitioner is an "appropriate person” within the meaning of Family Court Act § 551 (b) and makes an order of protection providing that respondent is not to interfere with petitioner’s visitation *101 which shall be twice a week for three hours per visit, the specific days to be arranged by the parties. Because of the tender age of the child, all visitation shall be supervised by petitioner’s mother.
Adjourned to September 6, 1991 for results of HLA test before the Hearing Examiner.